## Case No. 995.

### BARKER v. STOWE.

### SAME v. NEWHALL.

[4 Ban. & A. 485;[1] 16 O. G. 807.]

Circuit Court, N. D. New York. Sept. Term, 1879.

PRACTICE IN CIVIL CASES—SURPRISE—MOTION FOR REHEARING—AFFIDAVIT.

1. A motion for a rehearing, in a suit for the infringement of a patent, cannot be made after the term at which the final decree was entered.

2. The necessary averments of the affidavits, in support of a motion for a rehearing, discussed.

3. The proper practice, in a case where the complainant is surprised by testimony of which no notice has been given in the answer, explained.

[In equity. Suits by William C. Barker against Deloraine F. Stowe, and by the same against Abner H. Newhall, for infringement of reissued letters patent No. 6,531. The bills were dismissed on the trial, (see Barker v. Stowe and Same v. Newhall, Case No. 994;) and plaintiff now moves to vacate the decrees, and reopen the causes for the admission of further evidence. Motion denied.]

George E. Buckley, for complainant.
Walter L. Dailey, for defendants.

BLATCHFORD, Circuit Judge. These are motions to vacate the decrees in these causes and to reopen the causes for the admission of further evidence. The decrees were made in the June term, 1878. The plaintiff makes an affidavit that after the defendants had taken their testimony he "made every effort to obtain rebutting testimony, but was not aware that he could do so; that some time after the rendering of the decision herein he was

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

up in the New England states, and there found the witnesses whose testimony is embodied in the accompanying affidavits;" that "two of the deponents are Mr. Witherill's brothers, and one (Mr. Woodbury) his brother-in-law; one, a former partner of Mr. Witherill—that is, of Orrin O. Witherill—upon whose testimony the bills in the above cases were dismissed; that, finding that the testimony of said Witherill was directly contradicted by all these deponents, he, (deponent,) thinking that Mr. Witherill's testimony must have been misunderstood, went to Mr. Witherill in Ohio, and the said Witherill gave to him the affidavit hereto annexed, which specifically defines all the uncertain facts of his former testimony, sets forth a radically different state of facts, and is such an affidavit as, if entered regularly upon the records of the case by way of evidence, would materially affect and change the judgment of this court;" that "this evidence is newly discovered by deponent;" and that "there was nothing in the evidence of Witherill, when upon the stand, to lead deponent to find this present evidence."

Rule 88 in equity provides that—"No rehearing shall be granted after the term at which the final decree of the court shall have been entered and recorded, if an appeal lies to the supreme court."

These are suits for the infringement of a patent, and, under section 699 of the Revised Statutes, appeals lie to the supreme court in them, without regard to the sum or value in dispute. The next term after the term at which the final decrees were entered was the term commencing the second Tuesday of October, 1878, and the motions now under consideration were not given notice of till March, 1879. These motions are motions for rehearings. This would be a sufficient reason for denying the motions.

But there is a further difficulty. The affidavits now presented by the plaintiff are those of Orrin O. Witherill, Edwin E. Witherill, of Chesterfield, Massachusetts, a brother of Orrin O. Witherill and associated with him, William H. Woodbury, and Otis C. Witherill in the chain-pump business around Plaistow, New Hampshire, Raymond, New Hampshire, and that section; D. L. Tobie, of Lewiston, Maine, who, for fifty-six years prior to 1869, lived in New Gloucester, contiguous to Lewiston, and removed to Lewiston in 1869, and has been engaged in the pump business in and about Lewiston for thirty years; Thomas Clark, of Lewiston, Maine, who was in the pump business in Lewiston for ten years before 1879; William D. Ladd, of Manchester, New Hampshire, who, from 1866 to 1878, resided in Raymond, New Hampshire; Henry S. Clark, of Toledo, Ohio, who went into the chain-pump business there with Orrin O. Witherill in 1868; A. G. Whittier, of Raymond, New Hampshire, who has resided there for fourteen years last past, and is a brother-in-law of Ladd; George W. Sellars,

of Toledo, Ohio; Samuel Brackett, of Lewiston, Maine, who has resided there for thirty years last past; William Sellars, of Toledo, Ohio; William H. Woodbury, of Haverhill, Massachusetts, who resided at Plaistow, New Hampshire, when Orrin O. Witherill resided there, and was his agent in the pump business, and his brother-in-law; Otis C. Witherill, of West Hampton, Massachusetts, a brother of Orrin O. Witherill, and associated with him in the pump business from 1865 to 1871 about Plaistow and Raymond, New Hampshire, and at Lewiston, Maine, and all over that section of country; John H. Seaver, of Plaistow, New Hampshire, who has resided there for thirty-eight years last past; and Elbridge G. Tucker, of Plaistow, New Hampshire.

In regard to Orrin O. Witherill's Exhibit A, he testified that he commenced the manufacture of rubber-bucket chain-pumps at Plaistow, New Hampshire; that he used Exhibit A from April, 1866, to August, 1866; that he put it into from fifty to one hundred wells, wholly in the southeastern part of New Hampshire, one place being Raymond, New Hampshire; and that he put in one for a Mr. Ladd at Raymond. In regard to his Exhibit B, he testified that he made that kind at Plaistow, New Hampshire, from August, 1866, to April, 1867; that he then went to Lewiston, Maine, and made and sold them there for a year; that he put one prior to June, 1870, into a pump at Toledo, Ohio, in a hotel kept by one Sellars; and that Otis C. Witherill, of West Hampton, Massachusetts, Edwin E. Witherill, and William H. Woodbury, of Plaistow, New Hampshire, and Joshua Brackett, of Lewiston, Maine, had buckets like Exhibit B.

After this testimony was given there was opportunity and occasion for the plaintiff to make inquiries and investigations at Plaistow, Raymond, Lewiston, and Toledo, and there to obtain the evidence of Mr. Ladd, E. E. Witherill, O. C. Witherill, Woodbury, and Brackett. In the affidavits now produced, those relating to the doings of O. O. Witherill at Plaistow are those of E. E. Witherill, Woodbury, O. C. Witherill, Seaver, and Tucker; those relating to his doings at Raymond are those of E. E. Witherill, Ladd, Whittier, and O. C. Witherill; those relating to his doings at Lewiston are those of Tobie, T. Clark, Brackett, and O. C. Witherill; those relating to the hotel at Toledo are those of H. S. Clark, G. W. Sellars, and W. Sellars.

These comprise all the affidavits produced by the plaintiff except those of himself and of O. O. Witherill. There is nothing to show that the testimony contained in all of them could not have been produced, with reasonable diligence, on the first hearing. All that the plaintiff says is, that "he made every effort to obtain rebutting testimony, but was not aware that he could do so." He does not state what efforts he made, nor that he visited any one of the places named until after

the decision, or saw any one of the persons named in O. O. Witherill's testimony, or caused any inquiry to be made at any one of such places, or of any one of such persons. In regard to the affidavit of O. O. Witherill, produced by the plaintiff, it is supplemented by a subsequent affidavit of his produced by the defendants, in which he says that his evidence, given when he was examined and cross-examined, is substantially true and correct.

If the plaintiff was surprised by the testimony of O. O. Witherill, his proper course was to ask for time to investigate in regard to it, on the ground that no notice of it had been set up in the answer. But he did not do that, nor did he set up in the record the want of notice, in such a way as to make it available to him. He made his election, and took the risk of the decision, and it is now too late, under the settled rules of practice, for him to obtain relief in this suit.

I pass over various defects in the affidavits, such as want of venue, want of notarial seal, verification before a justice of the peace, and verification before the plaintiff's counsel.

The motions are denied.

[NOTE. For other cases involving this patent, see note to Barker v. Stowe, Case No. 994.]